IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

NORTHERN DIVISION

| | |
|---|---|
| HARRIS RESEARCH, INC., <br><br>    Plaintiff, <br><br><br><br> vs. <br><br><br><br> JEFF LYDON; LISA SMITH; et al., <br><br>    Defendants. | MEMORANDUM DECISION AND ORDER GRANTING DEFENDANTS' MOTION TO SET ASIDE DEFAULT AND DENYING PLAINTIFF'S MOTION FOR ENTRY OF DEFAULT JUDGMENT <br><br><br><br><br><br> Case No. 1:06-CV-136 TS |

Defendants Jeff Lydon (Lydon) and Lisa Smith (Smith) move to set aside the default because they allege that they had confused the present case with the very similarly numbered case No. 1:05-CV-136 DAK (2005 case), brought by the same plaintiff against them. Plaintiff Harris Research, Inc., (Harris Research) opposes setting aside the default and also moves for a default judgment.

> Fed. R. Civ. P. 55(c) provides that "[f]or good cause shown the court may set aside an entry of default." . . . "[T]he good cause required by Fed. R. Civ. P. 55(c) for setting aside entry of default poses a lesser standard for the defaulting party than the excusable neglect which must be shown for relief

1

from judgment under Fed. R. Civ. P. 60(b)." Default judgments are disfavored by courts.[1]

The following procedural history is necessary to understand the present motions: Harris Research filed this case against Lydon and Smith on October 26, 2006. At that time, Plaintiff had another case (the 2005 Case) pending against Lydon, Smith, and others, alleging infringement of a patent for a carpet cleaning device for enhancing removal of liquid from fabric.[2] According to the Complaint in the 2005 Case, Harris Research manufactures and distributes its patented carpet cleaning equipment and Lydon and Smith are competitors who are infringing its patent. Harris Research sought summary judgment in the 2005 Case on October 11, 2006. Lydon and Smith initially had counsel in the 2005 case, but appeared pro se after their counsel withdrew on October 16, 2006. Lydon and Smith then moved to have counsel appointed or to have the time to respond continued based upon their pro se status. Those motions were denied.[3] Lydon and Smith failed to respond to the summary judgment motion,[4] and a judgment of infringement was entered against them in the 2005 case.[5]

---

[1] *Polaski v. Colorado Dept. of Transp.*, 198 Fed.Appx. 684, 685 (10th Cir. 2006) (quoting *Dennis Garberg & Assocs., Inc. v. Pack-Tech Int'l Corp.*, 115 F.3d 767, 775 n. 6 (10th Cir.1997)).

[2] 2005 Case, Docket No. 1, Complaint, at ¶ ¶15-16 and 20.

[3] *Id*. at Docket No. 47, at 1-2 (finding no constitutional right to appointment of counsel in civil case and finding Lydon and Smith failed to establish they are indigent, incapacitated, or otherwise unable to adequately defend the claims against them).

[4] *Id*. at Docket No. 48 (Order Granting Motion for Summary Judgment).

[5] *Id.* at Docket No. 50 (Clerk's Judgment).

In the Complaint in the present case, Harris Research also alleges that it manufactures and distributes carpet cleaning equipment and that Lydon and Smith are direct competitors. Additionally, Harris Research alleges that it owns the trademark "Chem-Dry" and that Lydon and Smith have infringed, diluted, or tarnished its trademark rights. The Complaint herein was filed less than ten days after Lydon's and Smith's counsel had withdrawn in the 2005 Case and bears a case number remarkably similar to that of the 2005 Case. On December 22, 2006, Harris Research filed a Motion for a Preliminary Injunction against Lydon and Smith in the present case. Lydon and Smith failed to file a response and, on April 5, 2007, a Preliminary Injunction was granted in the present case. On August 1, 2007, Harris Research moved for entry of a default in the present case. Default was entered against them on August 3, 2007.

On February 22, 2007, in the 2005 Case, Harris Research filed a Motion for a Permanent Injunction against Lydon and Smith. At that time, the Motion for a Preliminary Injunction was still pending in the present case. On March 20, 2007, in the 2005 Case, the Court granted Harris Research's Motion for a Permanent Injunction. Subsequently, Lydon and Smith sought relief from the 2005 Case's Permanent Injunction and Harris Research moved for an order to show cause for their alleged willful violation of that Permanent Injunction. In denying Lydon's and Smith's Motion for Relief, the Court in the 2005 Case did suggest several available options for Lydon and Smith to pursue if they do not believe that they are infringing Harris Research's patent.[6]

---

[6] *Id.* Docket No. 82, at 3-5.

3

In the present case, Lydon and Smith contend the Default should be set aside because they allege that when they received the Complaint and Summons and other documents in this case, they mistakenly thought it was part of the almost identically numbered 2005 Case. They note they are appearing pro se in both cases and argue their failure to understand the present case was a separate proceeding was merely excusable neglect. Lydon and Smith also contend they have a meritorious defense to the trademark infringement claims because they contend that their use of Harris Research's trademark constitutes a parody.[7]

Harris Research contends that it will be prejudiced by the delay and expense that would result from setting aside the default and requiring it to litigate a Permanent Injunction on the merits.

The Court has considered the standard for setting aside a default, the parties' arguments, and the unique facts of this case. Those unique facts include the following: an almost unbelievable coincidence in the case numbers of two cases involving the same parties; the present case was filed during the time when Lydon and Smith had just lost their lawyer in the 2005 Case; and there were two separate injunction motions pending in the separate cases during the same time frame. Based upon the unique circumstances, the Court finds that there is good cause to set aside the default in the present case. Where

---

[7]*See Jordache Enterprises, Inc. v. Hogg Wyld, Ltd*., 828 F.2d 1482, 1486 (10th Cir. 1987) (holding that "where a party chooses a mark as a parody of an existing mark, the intent is not necessarily to confuse the public but rather to amuse").

Lydon and Smith have asserted they have a meritorious defense, there is little prejudice to Harris Research because the Preliminary Injunction is still in place to protect its interests pending a determination on the merits of its claim for a Permanent Injunction. It is therefore

ORDERED that Lydon's and Smith's Motions to Set Aside Default Certificate (Docket Nos. 14 and 15) are GRANTED. It is further

ORDERED that the August 3, 2007 Default Certificate is VACATED. It is further

ORDERED that Lydon and Smith have 30 days in which to file an Answer to the Complaint. Lydon and Smith are reminded that the Preliminary Injunction remains in place at this time. It is further

ORDERED that Harris Research's Motion for Entry of Judgment by Default and for Entry of Permanent Injunction (Docket No. 16) is DENIED AS MOOT.

DATED   February 19, 2008.

BY THE COURT:

_____
TED STEWART
United States District Judge